## THE PEOPLE EX REL. McCREA

### v.

## HEIRS OF JOHN PALMER.

SPECIAL ASSESSMENT—ERRONEOUS ENTRY OF PAYMENT—PAYMENT TO OFFICER OF THE BOARD OF COMMISSIONERS.—The agent of appellees, who was also president of the board of South Park commissioners, received money for the payment of the special assessment against appellee's land, and told the clerk of the board he would pay it on the next day, and thereupon the clerk endorsed " paid " against such assessment on the books.   The money in fact was never paid over by the agent.   *Held*, that the presumption arising from the endorsement of " paid " on the books, was overcome by proof of non-payment; that the agent's relation to the board, as its president, was immaterial, he not being one of the officers empowered by law to collect such assessment and give proper discharge therefor; and no rights of third parties having intervened, the land remains liable for the assessment.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding.

Mr. R. S. THOMPSON, for appellants; against the objections of irregularities in the mode of making the assessment, cited Hall v. The People ex rel. 87 Ill. 72; The People v. Sherman, 83 Ill. 165; Chiniquy v. The People, 78 Ill. 570; Karnes v. The People, 73 Ill. 274; Buck v. The People, 78 Ill. 560; C. & N. W. R. R. Co. v. The People, 83 Ill. 467; The People v. Brislin, 80 Ill. 423.

Mr. J. H. TRUMAN and Mr. C. H. WILLETT, for appellees; cited Rev. Stat. 1874, 910, 913; Brice on Ultra Vires, 592; Bigelow on Estoppel, 480.

PLEASANTS, J. This was an application by the collector to the County Court, at the July term, upon a delinquent list duly verified and filed by him with the county clerk on the 19th day of June, 1878, for judgment against certain lands of the appellees for the second installment of the South Park assessment, due September 1, 1873.

Divers objections were filed on their behalf, but none of them are relied on or urged, except the second, viz: " that payment has been made of said assessment."

In support of this objection, the record shows no more than that William L. Greenleaf, having in his hands as collector for the South Park Commissioners, the warrant for the collection of said installment, wrote thereon the word " paid " opposite the description of the land.

But it further shows that on the day before the delinquent list was to be returned, Chauncey T. Bowen, who was then the agent of the appellees and also president of the board of commissioners, told him that he, Bowen, would pay said assessment on the following day by certified check, and thereupon the collector wrote the word as stated; that Bowen did not pay it; that it was never paid; and that afterwards, in the year 1877, because of non-payment the word so written was erased. It was admitted on the argument by counsel for the appellants,

that Bowen had received from his principals the amount of the installment.

We find here no room for argument or doubt. The *prima facie* effect of the word "paid," written upon the warrant under the circumstances shown, and whatever presumptions in aid may be supposed to arise from the lapse of time, vanish before the proof that payment was not in fact made. Bowen's relation to the board, as member or as president, is immaterial, since he was neither the "corporate authorities" nor their "officer duly authorized," who only were empowered to collect the assessment and give a proper receipt and discharge therefor. R. S. 1877, p. 696, § 3. Throughout this transaction he was simply the agent of the appellees. Relying upon his promise the collector made the memorandum of payment, which was of no higher character than a formal receipt, and was equally subject to explanation and contradiction. It was fully explained and properly erased; and as it does not appear that any rights of others have intervened upon the faith of it, the land remains liable for the amount of the installment and interest, and the appellees must be remitted to their recourse upon their agent.

The judgment of the County Court, in sustaining the objection and refusing the application of the relator, was erroneous, and is therefore reversed and the cause remanded.

